```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

     - against -                           09 Cr. 860-1 (RWS)

                                           OPINION AND
HECTOR TOLEDO-FUENTES,                     ORDER

              Defendant.

------------------------------------X
```

A P P E A R A N C E S

        Attorneys for the United States

        PREET BHARARA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        By: Christian R. Everdell, Esq.

        Attorneys for the Defendant

        FEDERAL DEFENDERS OF NEW YORK
        52 Duane Street
        New York, NY 10007
        By: Jennifer L. Brown, Esq.

**Sweet, D.J.**

Hector Toledo-Fuentes ("Toledo-Fuentes" or the "Defendant") has moved for a reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  For the reasons stated below, Toledo-Fuentes' motion is denied.

On November 12, 2010, after entering a plea of guilty, Toledo-Fuentes was convicted of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and sentenced by the Honorable Barbara S. Jones to a term of imprisonment of 120 months.  On May 11, 2015, Toledo-Fuentes made a motion, pro se, for a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Commission Guidelines, which lowered the Guideline penalties for most drug offenses.  Since Judge Jones has left the federal bench, the case was assigned to this Court on May 27, 2015.  The Federal Defenders of New York agreed to represent Mr. Toledo-Fuentes on June 2, 2015, via email to chambers.  A supplemental sentencing memorandum was received from the Probation Office, concluding that Toledo-Fuentes is not eligible for a reduction in sentence because he was sentenced to the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A).  The government filed a letter-brief on June 17, 2015, agreeing with the probation office's

conclusion.  No submission from the Federal Defenders has been received.

With a revised offense level of 29 (adjusted downward from the offense level of 31 applied at sentencing) and a criminal history category of II, Toledo-Fuentes' amended Guidelines range would be 87 to 108 months.  See U.S.S.G. Ch. 5 Part A.  While this lower Guidelines range indicates that Toledo-Fuentes ought to be eligible for a reduction, "[d]istrict courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory minimum sentence."  United States v. Carpenter, 396 F. App'x 743, 744 (2d Cir. 2010).  21 U.S.C. § 841(a)(1)(A), the statute that supplies the penalty for Toledo-Fuentes' conviction, establishes that his prison sentence "may not be less than 10 years."  See 21 U.S.C. § 846 (drug conspiracy charges take the same penalties as those for the offense that was the conspiracy's object). Although both the Guidelines and the policy priorities embraced by the Sentencing Commission in enacting Amendment 782 argue in favor of a lower sentence for Toledo-Fuentes, the Court lacks the power to grant such a reduction.  See Carpenter, 396 F. App'x at 744-45; United States v. Gastelum, No. 10 Cr. 59-2, 2015 WL 6160011, at *2 (E.D.N.Y. Oct. 19, 2015); Benn v. United States, No. 12 Civ. 6487, 2015 WL 4887395, at *5 (S.D.N.Y. Aug.

17, 2015) (noting that the petitioner was ineligible for a sentencing reduction and declaring that "this case demonstrates one of the problems with mandatory minimums.").

    The Defendant's motion is therefore denied.

It is so ordered.

New York, NY
January 19, 2016

———————————————
ROBERT W. SWEET
U.S.D.J.